(44 App. Div. 396.)

## BRENNAN v. GALE.

(Supreme Court, Appellate Division, First Department. November 24, 1899.)

1. ACCOUNT—ORDER OF REFERENCE.

    In an action for an accounting, plaintiff alleged an agreement to pay defendant a certain fixed rent, and a certain additional sum out of the profits of a hotel as rent. Defendant admitted the lease, but denied performance by plaintiff; also denied failure to render accounts as required by lease; and alleged that he was in possession as a partner of plaintiff. As an affirmative defense, he alleged an arbitration agreement to settle the dispute. The court made an order which recited that it appeared that plaintiff was entitled to an accounting, and directed a reference, excepting the question of arbitration, but making no provision for further trial before the court or a referee. *Held,* that such an order was unauthorized, without a decision that plaintiff was entitled to an accounting, and also a decision as to whether the arbitration agreement affected plaintiff's rights.

**2. SAME.**

     The order cannot be treated as a reference to decide the whole issue or any of the issues, where it was made on the judge's own motion, at the close of the trial, and after he had refused a previous application for a reference on the ground that there were questions of fact which it was necessary to decide first.

**3. SAME—WHEN GRANTED.**

     An order of reference to take an accounting cannot be sustained in the absence of evidence that it would require the examination of a long account.

Appeal from special term, New York county.

Action by Michael Brennan against Thomas B. Gale. From an order referring the cause, defendant appealed. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Victor E. Whitlock, for appellant.

S. Stanwood Menken, for respondent.

BARRETT, J. The action, though nominally for an accounting, was essentially to recover rent due under a lease. The object of the accounting was to ascertain the amount of rent due under the terms of the lease. By this instrument the defendant rented from the plaintiff the San Remo Hotel for a period of 10 months, agreeing to pay therefor $3,000 per month, absolutely. He also agreed to pay the surplus income derivable from the conduct of the hotel to the extent of an additional $1,000 per month. To effectuate this part of the agreement, it was provided in the lease that the defendant should render monthly statements to the plaintiff relating to the business of the hotel, and should pay as rent the surplus of receipts over expenditures, as shown by these statements. It is conceded that the defendant has paid the entire rent of $3,000 per month for each of the 10 months specified in the lease, and has also paid $6,000 on account of surplus income. The action is based upon the claim that an accounting as to the receipts and expenditures of the hotel will show that there was enough surplus income to require the payment of the remaining $4,000, or some part of it. The defendant in his answer admitted the lease, but denied the performance by the plaintiff of its conditions. He also denied failure to render accounts as required by the lease, or that he individually entered into possession of the premises; alleging, on the contrary, that, as he is advised and believes, he and the plaintiff were in possession thereof as co-partners. As an affirmative defense, he alleged the making of an arbitration agreement for the settlement of this as well as other disputes, and that the arbitration is still pending. The course of the trial was somewhat peculiar. It consisted largely of a colloquy between the learned trial justice and counsel, looking to a summary abbreviation of the trial, and a reference to take the account required to ascertain the surplus income. The only evidence which the plaintiff gave was that he had received as rent but $36,000 for the 10 months; that there was no "proper accounting" between the parties, or voluntary settlement; and that he claimed there was still $4,000 due him. The learned court declined to go into the ques-

tion of partnership or account stated. He, however, permitted the defendant to show the arbitration agreement alleged in his answer. The evidence thereafter was practically confined to this latter question. When it was closed, the learned justice stated that, as the arbitration had not resulted in an award, the plaintiff had a right to withdraw from it, and he intimated that the effect of the evidence was to establish such withdrawal. He then directed that what he styled an interlocutory order of reference be drawn, and accordingly the order appealed from was prepared and signed. The order was not a decision of the action in whole or in part. It recited that it appeared to the satisfaction of the court that the plaintiff was entitled to have the defendant account, and that the examination of a long account will be involved. It then directed the reference to take and state the account, specifically excepting, however, the questions of arbitration and account stated. No further direction was made as to the trial of the action, either before court or referee.

We think this order of reference was unauthorized. The learned court was required to make a decision establishing the rights of the parties upon the pleadings and proofs. The recital in the order was not such a decision. He should have found that the plaintiff was or was not entitled to an accounting; that the arbitration agreement did or did not affect the plaintiff's right to such accounting; and, generally, upon all the questions submitted to him. Upon a decision in the plaintiff's favor upon such questions, either with or without separate findings of fact and conclusions of law, the learned court might then have appropriately referred the accounting, and directed that the plaintiff have judgment for the amount of surplus income found thereupon, not exceeding $4,000. The error was in directing the accounting without deciding that the plaintiff was entitled to it, and without passing upon the question of arbitration or any of the other questions in the case.

The order cannot be treated, independently of the trial, as a reference to decide the whole issue or any of the issues. There was no motion for a reference, in the ordinary sense. The reference was ordered at the close of the trial, upon the judge's own motion. Indeed, the learned counsel for the plaintiff stated upon the trial that he had previously made application for a reference, and that the court had determined that there were questions of fact that ought to be disposed of before the plaintiff went to a reference. But, even if the order could be treated as made independently of the trial, it would be impossible to sustain it, as there was no evidence that the trial would require the examination of a long account. In no view of the case can this order be sustained. Its effect was to cause a mistrial.

The order appealed from should be reversed, with costs, and the action remitted to the special term for a new trial. All concur.